# EXHIBIT A

IN THE COURT OF COMMON PLEAS
OF CHESTER COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

Deborah Peck  :
440 WINDING STREAM RD  :
SPRING CITY PA 19475  :  2009-08087-CA
            Plaintiff  :
Vs.  :
Bureau of Collection Recovery, Inc.  :
7575 Corporate Way  :
Eden Prairie, MN 55344  :  Jury Trial Demanded
           Defendant  :

## NOTICE

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by an attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed or any other claim or relief requested by the Plaintiff. You may lose money or property rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

        Lawyer Referral Service
        Chester County Bar Association
        15 West Gay Street
        P.O. Box 3191
        West Chester PA 19381
        610-429-1500

IN THE COURT OF COMMON PLEAS
OF CHESTER COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

| | | |
|---|---|---|
| Deborah Peck | : | |
| 440 WINDING STREAM RD | : | |
| SPRING CITY PA 19475 | : | 2009-08087-CA |
|     Plaintiff | : | |
| Vs. | : | |
| Bureau of Collection Recovery, Inc. | : | |
| 7575 Corporate Way | : | |
| Eden Prairie, MN 55344 | : | Jury Trial Demanded |
|     Defendant | : | |

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA").

2. Venue in this District is proper in that the defendants transact business here and the conduct complained of occurred here.

## PARTIES

3. The preceding paragraphs are incorporated by reference and made a part of this complaint.

4. Plaintiff is Deborah Peck, an adult individual residing at in Chester County, Pennsylvania.

5. Defendant is Bureau of Collection Recovery, Inc., a corporation engaged in the practice of consumer debt collection, with a principle place of business located at 7575 Corporate Way, Eden Prairie, MN 55344.

**COUNT ONE: Violation of Fair Debt Collection Practices Act, 15 USC 1692 et. seq.**

6. The preceding paragraphs of this complaint are incorporated by reference and made a part of this complaint.

7. Plaintiff is a consumer debtor as defined by the Fair Debt Collections Practices Act (FDCPA), 15 USC 1692 et. Seq.

8. Defendant is a debt collector as defined by the FDCPA, 15 USC 1692 et. seq.

9. At all times mentioned herein, Defendant was attempting to collect on an alleged consumer debt against Plaintiff.

10. On or about July 11, 2009, Defendant contacted Plaintiff by telephone regarding an alleged consumer debt with AT&T Wireless mobile phone service.

11. Plaintiff spoke to a representative names Nicole in the conversation.

12. Said Nicole stated to Plaintiff that the account was in the process of being reported on your credit report."

13. Said Nicole's statement implied that Defendant, BCR, was in the process of reporting the account on Plaintiffs credit report.

14. Plaintiff believes and avers that Defendant had no bona fide intent to report the alleged account on Plaintiff's credit report.

15. Plaintiff believes and avers that Defendant had no present ability to report the alleged account on Plaintiff's credit report.

16. On or about July 20, 2009, Plaintiff's attorney contacted Defendant in writing and asked Defendant for verification of the alleged debt as well as for verification that Defendant had the intent and / or the ability to report derogatory information about the alleged account to any of the credit bureaus.

17. To date Defendant had provided no responses to Plaintiffs request for verification of the alleged debt or for verification that Defendant did in fact have the ability and the intent to report the alleged debt on Plaintiff's credit report.

18. It is believed and averred that the aforementioned statement in the July 11th conversation contained a false implication that Defendant had the ability and / or intent to report the alleged account on Plaintiff's credit report.

19. The false and misleading statements contained in the aforementioned conversation was in violation of 15 USC 1692e which prohibits any false and misleading communication regarding a consumer debt or alleged debt.

**COUNT TWO: Violation of Pennsylvania's Fair Trade Extension Uniformity as Act, 73 PS 2270.1 et. seq. and Pennsylvania's Unfair Trade and Consumer Protection Law, 73 PS. 201 et. seq.**

33. The preceding paragraphs of this complaint are incorporated by reference and made a part of this complaint.

34. Plaintiff a consumer as defined by Pennsylvania's Fair Trade Extension Uniformity as Act, 73 PS 2270.1 et. seq. and Pennsylvania's Unfair Trade and Consumer Protection Law, 73 PS. 201 et. seq.

35. Defendants are debt collectors as defined by Pennsylvania's Fair Trade Extension Uniformity as Act, 73 PS 2270.1 et. seq. and Pennsylvania's Unfair Trade and Consumer Protection Law, 73 PS. 201 et. seq.

36. The aforementioned misconduct by Defendants is also a violation of Pennsylvania's Fair Trade Extension Uniformity as Act, 73 PS 2270.1 et. seq. and Pennsylvania's Unfair Trade and Consumer Protection Law, 73 PS. 201 et. seq. because it was an unlawful attempt to collect a consumer debt, and any violation of the FDCPA is also a violation of PA Unfair Trade and Consumer Protection Law. See 73 PS § 2270.4.

37. Pennsylvania's Fair Trade Extension Uniformity as Act, 73 PS 2270.1 et. seq. and Pennsylvania's Unfair Trade and Consumer Protection Law, 73 PS. 201 et. seq. prohibit any unlawful means to collect a consumer debt or any false statements concerning a consumer debt.

## DAMAGES

38. The preceding paragraphs of this complaint are incorporated by reference and made a part of this complaint.

39. Plaintiff's actual damages are $1.00 more or less, including but not limited to stationary, postage, phone calls, etc. to her attorney to stop the unlawful collection activity.

40. $1,000.00 statutory damages under the FDCPA 15 USC 1692k.

## ATTORNEY FEES

41. Attorney fees of $962.50 at a rate of $350.00 per hour which includes the following:

| | | |
|---|---|---|
| a. | Consultation with client in person, by phone & by email | .5 |
| b. | Telephone correspondence with Defendant. | .25 |
| c. | Written correspondence with Defendant | .25 |
| g. | Drafting and filing of writ | .25 |
| h. | Service of process of writ | .25 |
| c. | Drafting and review, and editing of complaint 1.5 hours | 1.5 |
| i. | Service of complaint | .25 |

2.75 hours x $350 = $962.50

42. Plaintiff's attorney fees continue to increase as the case progresses.

43. Plaintiff suffered anger, worry, humiliation and emotional distress due to Defendant's excessive demands which Plaintiff believes and avers is worth at least $5,000.00.

44. Treble damages are also warranted, because it is believed and averred that Defendants' conduct was willful, wanton, intentional and reckless.

## JURY TRIAL

45. The preceding paragraphs of this complaint are incorporated by reference and made a part of this complaint.

46. Plaintiff also seeks an injunction against further unlawful collection activity.

## OTHER RELIEF

47. The preceding paragraphs of this complaint are incorporated by reference and made a part of this complaint.

48. Plaintiff specifically demands and requests a jury trial in this matter.

49. Plaintiff seeks declaratory relief barring Defendants from further unlawful collection activity against Plaintiff.

50. Plaintiff seeks such other relief as this Honorable Court may deem just and proper.

Wherefore, plaintiff demands judgment against defendant in the amount of $17,065.50 enumerated below.

$100 statutory damaged under PAUTCPL, 73 PS 201 et. seq.

$1,000.00 under FDCPA, 15 USC 1692 et. seq.

$5,000.00 actual damages for emotional distress

$1.00 actual damages, for postage, stationary, inconvenience and loss of time.

$10,002.00 trebling of actual damages including emotional distress.

$962.50 attorney fees.

_____

$17,065.50

Plaintiff also seeks declaratory and injunctive relief, and such other relief as this Honorable Court may deem appropriate.

*Vicki Piontek*      7/23/09
Vicki Piontek., Esquire      Date
Attorney for Plaintiff
Bar ID No. 83559
951 Allentown Road
Lansdale, PA 19446
877-737-8617
palaw@justice.com
Fax: 866-408-6735

IN THE COURT OF COMMON PLEAS
OF CHESTER COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

Deborah Peck :
440 WINDING STREAM RD :
SPRING CITY PA 19475 : 2009-08087-CA
            Plaintiff :
Vs. :
Bureau of Collection Recovery, Inc. :
7575 Corporate Way :
Eden Prairie, MN 55344 : Jury Trial Demanded
           Defendant :

**VERIFICATION**

I, Deborah Peck, affirm that the statements contained in the attached complaint are true and accurate to the best of my knowledge, understanding and belief.

                                              _Deborah Peck_  7-21-09
                                              Deborah Peck        Date